CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
GABRIELA RIVERA (Bar No. 283633)
Email: gabriela_rivera@fd.org
RYAN SHELLEY (Bar No. 337528)
Email: ryan_shelley@fd.org
JAMES ANGLIN FLYNN (Bar No. 337608)
Email: james_flynn@fd.org
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, CA 90012-4202
Telephone: (213) 894-2854
Fax: (213) 893-0081

Attorneys for Defendants
JACOB DANIEL TERRAZAS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> *Plaintiff*, <br><br> v. <br><br> JACOB DANIEL TERRAZAS, <br><br> *Defendant*. | Case No. 5:25-cr-500-PA-1 <br><br> **Defendant's Motion to Dismiss and to Disqualify** |

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................1

BACKGROUND ...................................................................................................2

    I.   Mr. Essayli's service..................................................................................2

    II.  The prosecution of Mr. Terrazas. ..............................................................3

ARGUMENT .........................................................................................................4

    I.   Mr. Essayli is not lawfully serving as U.S. Attorney. ...............................4

    II.  The Court should dismiss the indictment and disqualify Mr. Essayli...............4

CONCLUSION ......................................................................................................7

# TABLE OF AUTHORITIES

**Cases**

*Cody v. Kijakazi*, 48 F.4th 956 (9th Cir. 2022) ................................................................. 6

*Lucia v. SEC*, 585 U.S. 237 (2018) ............................................................................. 5, 6

*Myers v. United States*, 272 U.S. 52 (1926) ................................................................... 5

*Trump v. United States*, 603 U.S. 593 (2024) ................................................................. 6

*United States v. Perkins*, 116 U.S. 483, (1886) ............................................................. 5

*United States v. Ramirez*, No. 5:25-cr-264,
    2025 WL 3019248 (C.D. Cal. Oct. 28, 2025) ..................................... 1, 2, 4, 5

*United States v. Trump*, 740 F. Supp. 3d 1245 (S.D. Fla. 2024) .................................. 6

**Statutes and Constitutional Provisions**

5 U.S.C. § 3345 ............................................................................................................. 4

5 U.S.C. § 3347 ............................................................................................................. 4

18 U.S.C. § 111 ............................................................................................................. 3

28 U.S.C. § 509 ............................................................................................................. 6

28 U.S.C. § 510 ............................................................................................................. 6

28 U.S.C. § 515 .......................................................................................................... 2, 6

28 U.S.C. § 546 .......................................................................................................... 2, 4

U.S. Const. art. II, § 2, cl. 2 ................................................................................... 4, 5, 6

**Rules and Regulations**

28 C.F.R. § 0.137 .......................................................................................................... 6

**Other Sources**

Minute Order, *United States v. Banks*, No. 2:24-cr-621
      (C.D. Cal. Nov. 3, 2025), Dkt. 284 ...................................................................... 1

Officers of the U.S. Within the Meaning of the Appointments Clause,
      31 Op. O.L.C. 73 (2007) ................................................................................... 5

Order of Chief Judge No. 25-126 (C.D. Cal. Sept. 8, 2025) ......................................... 1

Order of the Att'y Gen. No. 6485-2025 (Oct. 31, 2025) ............................................... 2

**INTRODUCTION**

The government indicted Jacob Terrazas under the authority of Bilal A. Essayli in his capacity as "Acting United States Attorney." Dkt. 48, at 2. But as Judge Seabright recently held in another case in this district, Bilal A. Essayli "is not lawfully serving as Acting United States Attorney." *United States v. Ramirez*, No. 5:25-cr-264, 2025 WL 3019248, at *1 (C.D. Cal. Oct. 28, 2025). Based on that unlawful appointment and service, Mr. Terrazas moves the Court to dismiss the indictment and to disqualify Mr. Essayli from participating in or supervising this prosecution.

The defense understands that the Court will assign this motion to Judge Seabright pursuant to a district-wide recusal. *See* Order of Chief Judge No. 25-126 (C.D. Cal. Sept. 8, 2025), *Ramirez* Dkt. 25. Although *Ramirez* does not bind the Court, Judge Seabright has indicated that he is inclined to apply that ruling in additional cases seeking the same relief. *See* Minute Order, *United States v. Banks*, No. 2:24-cr-621 (C.D. Cal. Nov. 3, 2025), Dkt. 284 (allowing the defendant to submit a brief "explaining why the court would not be bound by its ruling in *Ramirez*").

Mr. Terrazas adopts the arguments set forth by the defense in *Ramirez*[1] and asks the Court to dismiss the indictment and to disqualify Mr. Essayli, understanding that the Court intends to apply its ruling granting that relief only in part. Mr. Terrazas does not seek to distinguish this case from *Ramirez* except as to the remedial analysis. In that respect, Mr. Terrazas respectfully urges the Court to grant the full requested relief, *infra* at 4–6, for the same reasons described in Mr. Ramirez's motion for limited reconsideration, *see Ramirez* Dkt. 57.

---

[1] *See Ramirez* Dkt. 10 (motion); *id.* Dkt. 38 (reply); *id.* Dkt. 49 (supplemental brief).

# BACKGROUND

**I.   Mr. Essayli's service.**

As described in the *Ramirez* decision, the last Senate-confirmed U.S. Attorney for this district resigned on January 17, 2025. 2025 WL 3019248, at *2. On March 27, the Attorney General appointed Mr. Essayli as interim U.S. Attorney under 28 U.S.C. § 546(a), effective April 2. *Id.* On July 29, just before his § 546 term expired, Mr. Essayli purported to resign as interim U.S. Attorney. *Ramirez* Dkt. 33-2, at 1.

That same day, the Attorney General purported to take three actions: she appointed Mr. Essayli as special attorney, designated him as first assistant U.S. Attorney, and stated that he would serve as acting U.S. Attorney under the Federal Vacancies Reform Act (FVRA). *Ramirez* Dkt. 33-3, at 1. Also on July 29, an assistant director of human resources for the Department of Justice purported to appoint Mr. Essayli as special attorney. *Ramirez* Dkt. 33-4, at 1. In that capacity, the assistant director attempted to delegate to Mr. Essayli all the powers of a U.S. Attorney. *See id.*

That maneuver reflected similar tactics in at least five other districts, as Mr. Ramirez documented at length. *See Ramirez* Dkt. 10, at 15–22; *id.* Dkt. 38, at 26. In one of those districts, in the time since the *Ramirez* order issued, the tactics have become yet more absurd. On October 31, 2025, the Attorney General purported to appoint a special attorney under 28 U.S.C. § 515 *retroactively*, in an attempt to save indictments that individual had previously obtained under an § 546(a) appointment of doubtful validity. *See* Order of the Att'y Gen. No. 6485-2025, at 1 (Oct. 31, 2025), *docketed at United States v. Comey*, No. 1:25-cr-272 (E.D. Va. Nov. 3, 2025), Dkt. 137-1.

## II. The prosecution of Mr. Terrazas.

On June 8, 2025, the government charged Mr. Terrazas by complaint with assault on a federal officer under 18 U.S.C. § 111. Dkt. 1, at 1. It alleged that Mr. Terrazas was "one of several individuals that was actively throwing hard objects from behind a tree, which the [federal agents] believed were remnants of cinderblock and rocks." *Id.* at 3 (¶ 8). One agent "felt one of those remnants of cinderblock impact his left shin." *Id.* (¶ 10).

The government then reduced the charges: on June 18, it filed an information charging Mr. Terrazas with simple assault on a federal officer, a class A misdemeanor under § 111(a)(1). Dkt. 30, at 1. On July 29, Mr. Terrazas filed his election to proceed before a magistrate judge on the misdemeanor charge. Dkt. 41. That exact same day, the government prepared and signed—but did not disclose—a case summary documenting its decision to upgrade the charge back to a felony. Dkt. 49, at 2 (filed Aug. 5, but signed July 29).

Then, forty-four minutes before the first proceeding in front of the magistrate judge was set to begin, the government announced it had obtained an indictment charging a felony violation of § 111(a)(1), (b). *See* Dkt. 48 (indictment); Dkt. 73, at 5 (describing these events). In so doing, the government nullified Mr. Terrazas's election to proceed before the magistrate judge and returned the case to this Court for trial. *See* Dkt. 46.

Based on these events, Mr. Terrazas moved to dismiss the indictment for vindictive prosecution. Dkt. 73. On October 30, the Court issued an order denying that motion. Dkt. 79. Trial is presently set for January 27, 2026. Dkt. 70.

# ARGUMENT

## I. Mr. Essayli is not lawfully serving as U.S. Attorney.

Mr. Terrazas asks the Court to adopt *Ramirez*'s ruling that Mr. Essayli is not lawfully serving as acting U.S. Attorney under the FVRA. *See* 2025 WL 3019248, at *3–12. As that order correctly concluded, 5 U.S.C. § 3345(a)(1) did not elevate him to the acting position because he was not the designated first assistant on January 17 when the prior Senate-confirmed official resigned. *Id.* at 12. Nor could it have done so upon Mr. Essayli's purported resignation on July 29, "because that event could not and did not trigger § 3345(a)." *Id.*

The Court should also adopt *Ramirez*'s ruling rejecting the government's special-attorney theory under 5 U.S.C. § 3347: "Mr. Essayli's service cannot be premised on his appointment as a Special Attorney; that theory is foreclosed by the FVRA's exclusivity provisions." *Id.*

The defense in *Ramirez* identified several other grounds for finding Mr. Essayli's service unlawful, but the Court need not reach them if it applies *Ramirez*. Out of an abundance of caution, Mr. Terrazas adopts those arguments in the alternative and contends that Mr. Essayli's continued service is barred by (1) the 120-day clock at 28 U.S.C. § 546(c)(2), which has now expired, and (2) the Appointments Clause, because temporary U.S. Attorneys are principal officers who require Senate confirmation. *See Ramirez* Dkt. 10, at 36–54; *id.* Dkt. 38, at 27–31.

## II. The Court should dismiss the indictment and disqualify Mr. Essayli.

Mr. Terrazas asks the Court to adopt *Ramirez*'s ruling that Mr. Essayli "may not perform the functions and duties of the United States Attorney as Acting United States Attorney" and that he "is disqualified from serving in that role." 2025 WL 3019248,

at *20.

Mr. Terrazas also asks the Court to dismiss the indictment with prejudice (or, in the alternative, without) and to bar Mr. Essayli from participating in or supervising this prosecution, for the reasons articulated in *Ramirez*. *See Ramirez* Dkt. 10, at 54–62; *id.* Dkt. 38, at 32–38; *id.* Dkt. 49, at 5–7. Mr. Terrazas understands the Court's intention to apply *Ramirez* and reject those requests, as indicated in *Banks*. *Supra* at 1.

Nevertheless, the Court should provide further remedies. In this regard, Mr. Terrazas adopts the arguments set forth in Mr. Ramirez's motion for limited reconsideration and described below. *See Ramirez* Dkt. 57.

First, even after *Ramirez*, Mr. Essayli continues to wield government powers significant enough to make him at least an inferior officer. *See, e.g.*, *Ramirez* Dkt. 33, at 15 (government conceding that "Mr. Essayli is an inferior officer"). His service is "continuing and permanent," not "occasional and temporary." *Lucia v. SEC*, 585 U.S. 237, 245 (2018). And his claimed authority includes making binding decisions for the government, like approving charges and entering into plea agreements. *See id.* at 245–46; Officers of the U.S. Within the Meaning of the Appointments Clause, 31 Op. O.L.C. 73, 77, 95 (2007).

Second, the Appointments Clause requires that inferior officers be confirmed by the Senate—unless Congress has passed a statute authorizing appointment by another means. U.S. Const. art. II, § 2, cl. 2; *Myers v. United States*, 272 U.S. 52, 162 (1926); *United States v. Perkins*, 116 U.S. 483, (1886).

Third, no such statute exists. *Ramirez* concluded that Mr. Essayli "remains the FAUSA and may perform the functions and duties of *that* office." 2025 WL 3019248, at *20. But "first assistant" is not a statutory office at all, and it carries no functions and

duties. It is merely a regulatory label used to order succession under the FVRA. *See* 28 C.F.R. § 0.137(b). None of the other statutes the Attorney General cited can authorize Mr. Essayli's service under the Appointments Clause, either. They do not vest any appointing authority at all—much less the authority to appoint inferior officers without Senate confirmation. *See* 28 U.S.C. §§ 509–10, 515; *United States v. Trump*, 740 F. Supp. 3d 1245, 1266–76 (S.D. Fla. 2024), *appeal dismissed*, No. 21-12311, 2025 WL 2017539 (11th Cir. Feb. 11, 2025); *Trump v. United States*, 603 U.S. 593, 648 (2024) (Thomas, J., concurring). At any rate, even if § 515 could authorize such an appointment, the Attorney General has never delegated any powers to Mr. Essayli; only a human-resources manager tried to do that (without any statutory authorization to make such a delegation). *Supra* at 2.

Because Mr. Essayli's continued service is incompatible with the Appointments Clause, the Court should bar him from continuing to participating in or supervise this prosecution. *See Trump v. United States*, 603 U.S. at 643 (Thomas, J., concurring) ("If there is no law establishing the office that the Special Counsel occupies, then he cannot proceed with this prosecution."). It should also dismiss the indictment in order to address the constitutional violation, incentivize Appointments Clause challenges, and "penalize[e] [the Department's] circumvention of the Appointments Clause." *Cody v. Kijakazi*, 48 F.4th 956, 962 (9th Cir. 2022); *see also Lucia*, 585 U.S. at 251 n.5.

## CONCLUSION

Mr. Terrazas respectfully requests that the Court dismiss the indictment with prejudice (or, in the alternative, without) and disqualify Mr. Essayli from participating in or supervising this prosecution.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

Dated: November 10, 2025     By: /s/ James Anglin Flynn
                                  JAMES ANGLIN FLYNN
                                  GABRIELA RIVERA
                                  RYAN SHELLEY
                                  Deputy Federal Public Defenders

                                  *Attorneys for Jacob Daniel Terrazas*