TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
ERIC L. MACKIE (Cal. Bar No. Pending)
Assistant United States Attorney
BRENDA N. GALVÁN (Cal. Bar No. 296456)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3289 / 0715
    Facsimile: (213) 894-0141
    E-mail:   eric.mackie@usdoj.gov
              brenda.galvan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>JACOB DANIEL TERRAZAS,<br><br>        Defendant. | No. 2:25-cr-00500-PA<br><br><u>GOVERNMENT'S MOTION IN LIMINE No. 3 TO PRECLUDE ANY REFERENCE TO, TESTIMONY REGARDING, OR ARGUMENT THAT DEFENDANT'S CONDUCT WAS PROTECTED BY THE FIRST AMENDMENT</u><br><br>Hearing Date: January 14, 2026<br>Hearing Time: 3:00 p.m.<br>Location:    Courtroom of the<br>                  Hon. Percy Anderson |

    Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorneys Eric L. Mackie and Brenda N. Galván, hereby submits this Motion in Limine to Preclude Any Reference to, Testimony Regarding, or Argument that Defendant's Conduct Was Protected by the First Amendment.

This motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.  In compliance with the Court's Order Re: Criminal Trial, this joint filing contains (1) the government's motion in limine, (2) defendant's opposition to the motion, and (3) the government's reply in support of its motion. Also attached to this filing is the required declaration from the government as the moving party.

Dated: December 15, 2025           Respectfully submitted,

                                            TODD BLANCHE
                                            Deputy Attorney General

BILAL A. ESSAYLI
First Assistant U.S. Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

/s/ Eric L. Mackie
ERIC L. MACKIE
BRENDA N. GALVÁN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Dated: December 15, 2025           CUAUHTEMOC ORTEGA
                                    Federal Public Defender

/s/ Gabriela Rivera
GABRIELA RIVERA
RYAN SHELLEY
Deputy Federal Public Defenders

Attorneys for Defendant
JACOB DANIEL TERRAZAS

*Local Civil Rule 5-4.3.4 Attestation: I attest that all other signatories listed concur in the filing's content and have authorized the filing.

/s/ Eric L. Mackie
ERIC L. MACKIE

2

**GOVERNMENT'S MOTION IN LIMINE: MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

This is not a First Amendment case.  Defendant Jacob Daniel Terrazas ("defendant") is not charged with conduct consisting of protected speech, expression, or protest.  Defendant is charged with physically assaulting federal law enforcement officers by throwing chunks of broken cinderblock at them during a violent confrontation outside the Homeland Security Investigations facility in Paramount, California.  His charged conduct is not constitutionally protected expression.  Any attempt to frame defendant's conduct as protected under the First Amendment would be irrelevant, legally incorrect, and highly prejudicial under Federal Rules of Evidence 401, 402, and 403.

The government does not seek to prevent defendant from describing what he was doing factually.  He may testify about where he was standing, what he saw, what he did, or why he was present. But he should not be allowed to tell the jury that his charged conduct was "protected by the First Amendment," "constitutionally protected protest activity," "free speech," "expressive conduct," or any other legal conclusion suggesting that the Constitution shielded his actions.  This is because whether conduct is expressive is a legal determination, and even expressive conduct can be subject to valid time, place, and manner restrictions.  Indeed, First Amendment doctrine is complex, nuanced, and heavily context dependent. Demonstrations may be regulated; certain areas may be restricted; and expressive activity can lose protection based on conduct, obstruction, physical interference, or violence.  Allowing the jury to hear generalized references to "First Amendment rights" risks misleading them into believing defendant's conduct is cloaked with

constitutional protection simply because it occurred during a protest.  The government moves to preclude any reference to, testimony about, or argument suggesting that defendant's conduct was protected by the First Amendment.

## II. STATEMENT OF FACTS

On June 7, 2025, during a protest near the Homeland Security Investigations facility in Paramount, defendant joined a group of individuals who hid behind trees and a makeshift shield while throwing cinderblocks and rocks at uniformed U.S. Border Patrol Agents.  Defendant then crouched behind a pickup truck, picked up pieces of cinderblock, and repeatedly hurling them toward agents engaged in lawful crowd-control operations.  At least two agents were struck, one suffering a bloodied shin.

Defendant's conduct was not speech, symbolic expression, or peaceful demonstration; it was violent physical assault directed at law enforcement officers performing their duties.

## III. ARGUMENT

### A. Whether Defendant's Conduct Is Protected by the First Amendment Is a Question of Law for the Court—Not a Question of Fact for the Jury

It is well-established that district courts have broad discretion to limit a defendant's presentation to the jury.  See Alford v. United States, 282 U.S. 687, 694 (1931) ("The extent of cross-examination with respect to an appropriate subject of inquiry is within the sound discretion of the trial court.").  The Court -- not the jury -- must determine whether any aspect of defendant's conduct is protected by the First Amendment.  See, e.g., United States v. Mongol Nation, 56 F.4th 1244, 1250 (9th Cir. 2023) ("We

review de novo questions of law, including constitutional issues[.]")
(citation omitted); see also United States v. Fuller, No. CR 23-209
(CKK), 2024 WL 4880497, at 8–9 (D.D.C. Nov. 25, 2024)* ("Whether the
First Amendment protects any of Defendants' alleged conduct is a
question of law suitable for scrutiny under Federal Rule of Criminal
Procedure 29.  But 'issues of law entirely independent of the
ultimate issue of whether [Defendants] actually committed the crimes'
with which they are charged are inappropriate to present to the
jury.") (quoting United States v. Johnson, 605 F.2d 1025, 1027 (7th
Cir. 1979))); United States v. Zeese, 437 F. Supp. 3d 86, 94 (D.D.C.
2020) (holding that once it determined the charged statute was
constitutional as applied, defendants were precluded from presenting
a First Amendment defense to the jury).

    If defendant wished to raise a constitutional challenge, his procedural avenue was through Federal Rule of Criminal Procedure 12(b) (failure to state an offense) or Rule 29 (motion for judgment of acquittal).  He did not do so.  Because the question of First Amendment protection is purely legal, defendant may not now circumvent that process by suggesting to the jury that the charged assault was protected activity.  Allowing such argument would misstate the law, confuse the issues, and invite nullification.  Accordingly, defendant should be precluded from presenting evidence, questioning witnesses, or making arguments to the jury about the First Amendment.

    **B.**    **The Charged Conduct—Throwing Cinderblocks at Federal Agents—is Not Protected Expression**

3

It is no surprise defendant has not argued that his conducted is protected by the First Amendment and therefore not subject to prosecution.  His charged conduct involves violent force, not speech.  None of the crimes charged punish expressive activity.  The government's discovery, including multiple video recordings, shows that defendant physically struck a uniformed federal officer.  None of this behavior falls within any protected expressive category.

Defendant's alleged statement of political motivation or protest context does not transform his physical aggression into speech.  The Supreme Court has long held that violence and physical obstruction are not protected expression. See Grayned v. City of Rockford, 408 U.S. 104, 116 (1972) ("[W]here demonstrations turn violent, they lose their protected quality as expression under the First Amendment."); Giboney v. Empire Storage & Ice Co., 336 U.S. 490, 498 (1949) (First Amendment does not protect "speech or writing used as an integral part of conduct in violation of a valid criminal statute"); United States v. Lee, No. 23-cr-368 (TNM), 2024 WL 4836401, at 3 (D.D.C. Sept. 30, 2024) (same).

Thus, any reference by the defense that defendant's conduct was "expressive" or "protected protest activity" is legally incorrect and would misstate the law.

**C.   Any First Amendment References or Arguments Would Be Irrelevant and Prejudicial Under Rules 401–403**

Even if marginally relevant, such evidence or argument must be excluded under Rules 401, 402, and 403.  Unmoored references to the First Amendment do not make it more or less probable that defendant intentionally assaulted a federal officer.  Rather, such statements

4

serve only to confuse the jury and invite them to substitute their own views of First Amendment jurisprudence for the law or, worse, base their verdict on other views wholly unrelated to the evidence.

As explained above, whether defendant's conduct falls within the scope of the First Amendment is purely a legal question. It is not one for the jury, which is untrained in First Amendment law or the scope of its protections. Because the issue is one of law, for the Court, and not the jury, any reference to the First Amendment should be excluded. Repeated references to the First Amendment and the rights protected under it, without more, will only confuse the jury and lead them to believe it is a defense to defendant's conduct, when it is not. The jury's task is straightforward: to decide whether defendant assaulted a federal officer with a dangerous weapon, not to assess the scope of First Amendment protections.

Moreover, these arguments invite jury nullification by appealing to jurors' sympathies or ideological preferences. The Ninth Circuit has made clear that "nullification is, by definition, a violation of the juror's oath to apply the law as instructed by the court." United States v. Lynch, 903 F.3d 1061, 1079 (9th Cir. 2018). Neither a defendant nor counsel may present evidence irrelevant to a recognized defense or an element of the offense. United States v. Scarmazzo, 554 F. Supp. 2d 1102, 1107 (E.D. Cal. 2008), aff'd sub nom. United States v. Montes, 421 F. App'x 670 (9th Cir. 2011).

Because references to the First Amendment are irrelevant, legally inaccurate, and highly prejudicial, they should be categorically excluded under Rules 401, 402, and 403.

5

**IV.   CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court grant this motion in limine and preclude the defense from making any reference to, introducing evidence of, or arguing that defendant's conduct was protected by the First Amendment.

**DEFENDANT'S POSITION**

**MEMORANDUM OF POINTS AND AUTHORITY**

**V.   INTRODUCTION**

It is undisputed that intentional conduct that results in hitting or harming a federal officer is not protected by First Amendment. However, it is also uncontroversial, or it should be, that a defendant in a federal criminal case is constitutionally entitled to challenge every element of the charge against him.

Here, although the government declines to state it expressly in its motion, it is pursuing alternative theories of prosecution against Mr. Terrazas, having charged him both with throwing a rock that made contact with a Border Patrol agent and with acting in concert with some unknown person or persons who threw the rock that made contact. (Dkt. 48.) As one of the prosecutors on the case put it during a call in late August, "He was actively throwing cinderblocks" and, because there might have been multiple people involved, "our point to the jury is you don't have to find it was [Mr. Terrazas's] rock that struck the officer." Indeed, throughout the government's motion in limine, it stops short of saying that Mr. Terrazas actually threw the rock that hit Agent Cordero.[1] Thus, Mr. Terrazas is charged with throwing a rock towards an agent, and even the government acknowledges that it might not be able to prove that the rock actually hit Agent Cordero. Naturally, then, Mr. Terrazas's intent in throwing the rock—whether it was intended to harm or threaten or

---

[1] For example, the government notes that Mr. Terrazas took hold of small cinderblock pieces and "repeatedly hurl[ed] them *towards* agents," and uses the passive voice by stating that "At least two agents were struck, one suffering a bloodied shin."

7

merely intended as a gesture, as expressive conduct, as a way to register his disapprobation—is not only relevant but goes to a necessary element. Mr. Terrazas is entitled to proof on every element, including that he was not exercising protected speech himself or supporting the protected speech of others.

## VI.   ARGUMENT

### A.   The Parties Agree that the Defense May Introduce Factual Information and Context About Mr. Terrazas's Actions on June 7

The government notes that it does not seek to prevent Mr. Terrazas from introducing information about what he was doing, what he saw, why he was present outside the DHS building in Paramount on June 7. (Motion at 1:13-15.) Mr. Terrazas agrees that he must be permitted to provide factual information and critical context for his presence and actions on June 7.

### B.   Mr. Terrazas Has a Constitutional Right to Challenge a Necessary Element of the Charge Against Him

To prevail against Mr. Terrazas at trial, the government must show, among other things, that he acted with the intent to assault Officer Cordero. The Ninth Circuit model jury instructions explain that "There is a forcible assault when one person intentionally strikes another, or willfully attempts to inflict injury on another, or intentionally threatens another coupled with an apparent ability to inflict injury on another which causes a reasonable apprehension of immediate bodily harm." Ninth Circuit Model Criminal Jury Instructions, No. 8.2 (2022 ed.) [Assault on Federal Officer or Employee (18 U.S.C. § 111(b)]. Common to all of these means of

8

proving the mens rea element is that a defendant must have *intentionally* struck or *intentionally* threatened to strike an officer. Accordingly, to the extent that Mr. Terrazas engaged in expressive conduct which was intended to convey a message and not to strike another or cause immediate fear of harmful contact, the *mens rea* for assault is absent.

The legal authority cited by the government does nothing to change this. For example, *United States v. Mongol Nation*, 56 F.4th 1244, 1246 (9th Cir. 2023) stands for the uncontroversial and uncontested reality that questions of law, including constitutional issues, are reviewed de novo by appellate courts. Nor does *United States v. Fuller*, No. CR 23-209 (CKK), 2024 WL 4880497, at *2 (D.D.C. Nov. 25, 2024), change the calculus here. In *Fuller*, where the defendants were *not* charged with assault, the Government alleged that in the process of storming the Capitol, the defendants forcefully pushed against a police line and impeded officers while encouraging others to do so. Critically, neither defendant opposed the government motion or sought to argue that they engaged in protected, expressive conduct. Thus, the court characterized any First Amendment argument as "entirely independent of the ultimate issue of whether [Defendants] actually committed the crimes." Here, by contrast, the "ultimate issue of whether [Mr. Terrazas] committed the crime" involves an inquiry into several elements, including whether his alleged conduct—throwing a rock *toward* an agent—was accompanied by the requisite mental state.

The government's argument that Mr. Terrazas has somehow waived his ability to argue that he never had the intent to hit or harm or

9

frighten anyone ignores the fact that a criminal defendant need not raise a facial challenge to the statute of offense but may nonetheless seek to negate one of the elements—mens rea—at trial. The authority cited by the government does nothing to change that.

A defendant has the right to argue a theory of defense supported by evidence at trial and any reasonable inferences therefrom. *United States v. Miguel*, 338 F.3d 995, 1003 (9th Cir. 2003). This is especially true at closing argument, where the defense is given wide latitude in its "presenting a theory of the case." *United States v. Ibarra*, No. 23-1282, 2024 WL 2746747, at *1 (9th Cir. May 29, 2024) (citing *United States v. Hernandez-Meza*, 720 F.3d 760, 765 (9th Cir. 2013)); *Conde v. Henry*, 198 F.3d 734, 739 (9th Cir.1999) ("denying an accused the right to make final arguments on his theory of the defense denies him the right to assistance of counsel"). Specifically, limitations on closing argument that leave counsel "unable to frame and give content to the core of his defense" are improper and require reversal. *United States v. Kellington*, 217 F.3d 1084, 1101 (9th Cir. 2000).

The defense is entitled to argue to the jury that Mr. Terrazas had a non-nefarious purpose for being at the protest on June 7 and a non-criminal and protected intent underlying any alleged rock-throwing.

**C.   Mr. Terrazas's defense does not violate Rule 403.**

The First Amendment is not confusing, and juries are routinely permitted to consider these issues in criminal cases. *See, e.g.*, *United States v. Freeman*, 761 F.2d 549 (9th Cir. 1985). There is nothing unique or unusual about this case and the defense should not

10

be hampered or hamstrung in its arguments in the extraordinary ways suggested by the government.

The government argues that Rule 403 is violated because a First Amendment argument is likely to confuse the jury, but provides no support for this argument or the argument that any references to the First Amendment will appeal to jurors' sympathies or ideological preferences. The defense is entitled to present the jury with its theory for how it should answer questions about Mr. Terrazas's intent, just as the government is entitled to present theirs. Doing so is not nullification, it is ensuring "the defense ha[s] a fair chance to argue the evidence." *United States v. Brown*, 859 F.3d 730, 736 (9th Cir. 2017) ("[P]reventing a defendant from arguing a legitimate defense theory constitutes structural error" requiring reversal of the conviction).

*   *   *

For all of these reasons, Mr. Terrazas's protected First Amendment activity is highly relevant to the elements of the offense that he must defend against at trial. Mr. Terrazas must be permitted to offer a complete explanation for his own actions

### VII.   CONCLUSION

For the foregoing reasons, the government's motion in limine #3 to preclude any reference to the First Amendment should be denied.

11

**GOVERNMENT'S REPLY**

I.   **INTRODUCTION**

Defendant's opposition confirms why this motion should be granted. Although defendant concedes that intentionally striking or harming a federal officer is not protected by the First Amendment, he nevertheless seeks to inject First Amendment doctrine into the trial under the guise of arguing intent. In doing so, defendant attempts to transform a straightforward assault prosecution into a constitutional referendum, inviting the jury to decide questions of law that are reserved for the Court and to excuse violent conduct based on perceived political motivation.

The government does not seek to bar defendant from describing his actions, his presence, or his claimed state of mind in factual terms. Defendant may testify to what he did, what he saw, why he was present, and what he intended. What he may not do is tell the jury that his conduct was "protected by the First Amendment," "constitutionally protected," "expressive conduct," or otherwise cloaked in constitutional immunity. Those are legal conclusions. This includes his throwing rocks at officers – an assault – which cannot be deemed to be a protected First Amendment activity. Allowing them to interject inaccurate information to the jury would misstate the law, confuse the jury, and invite nullification.

II.  **DEFENDANT MAY ARGUE LACK OF INTENT WITHOUT INVOKING THE FIRST AMENDMENT**

At bottom, defendant's opposition rests on a false premise: that he cannot meaningfully challenge mens rea unless he is permitted to

frame his conduct as protected First Amendment activity. That premise is incorrect.

Although § 111 is a general intent crime, <u>United States v. Sanchez</u>, 914 F.2d 1355, 1358 (9th Cir. 1990), nothing in the government's motion prevents defendant from arguing that he lacked the intent to strike, injure, threaten, or place an officer in reasonable apprehension of immediate bodily harm. Defendant remains free to argue that he did not intend to assault anyone, that his actions were otherwise insufficient to satisfy the elements of § 111. He may argue that the government cannot prove intent beyond a reasonable doubt. He may cross-examine witnesses, challenge identification, and contest aiding-and-abetting liability head on.

What defendant may not do is ask the jury to assume that any of his conduct is afforded First Amendment protection in an attempt to argue the existence of reasonable doubt. Whether conduct qualifies as protected expression is a legal determination for the Court, not a factual determination for jurors. Defendant's mens rea defense does not require constitutional framing, and the Constitution does not supply an alternative mens rea standard.

Defendant's suggestion that expressive motive negates intent misunderstands the statute and this motion. Political motivation and expressive purpose do not negate an intent to commit a forcible assault. Indeed, a defendant may intend to convey a political message and still intend to strike, threaten, or place officers in fear of bodily harm. The First Amendment does not immunize conduct simply because the actor claims expressive intent, nor does it transform violent conduct into speech.

13

## III.  FIRST AMENDMENT CHARACTERIZATIONS ARE LEGAL CONCLUSIONS THAT WOULD MISLEAD THE JURY

Whether conduct is protected by the First Amendment is a question of law that turns on multiple doctrinal considerations, including whether the conduct is expressive at all and, even if so, whether it is subject to valid time, place, and manner restrictions or loses protection due to violence or physical interference.

Those inquiries are complex, nuanced, and heavily context dependent.  They are not questions for lay jurors to resolve in a criminal trial focused on assault.  Importantly, while "the First Amendment protects verbal criticism, challenges, and profanity directed at police officers," expression "likely to produce a clear and present danger of a serious substantive evil that rises far above public inconvenience, annoyance, or unrest" is unprotected.  See United States v. Poocha, 253 F.3d 1077 (9th Cir. 2001) (citing City of Houston v. Hill, 482 U.S. 451, 461 (1987)).  Allowing defendant to invoke the First Amendment would necessarily result in a mini-trial on constitutional doctrine, distracting the jury from its proper role and creating a substantial risk that jurors will mistakenly believe that protest context or expressive motive supplies a legal defense.  If defendant genuinely believed that the First Amendment barred prosecution for the charged conduct, the proper vehicle was a pretrial motion to dismiss.  See  Federal Rule of Criminal Procedure 12(b) (failure to state an offense); see also Rule 29 (motion for judgment of acquittal).  He did not file one.  He cannot now smuggle constitutional adjudication into the jury room under the banner of intent.

14

That risk is especially acute here, where defendant is charged not only as a principal but also under an aiding-and-abetting theory. Even if defendant were to argue that he personally did not throw the rock that struck the officer, he may still be found guilty if the jury concludes that he knowingly and intentionally aided and abetted others in committing the assault. See Ninth Cir. Model Jury Instruction No. 4.1.  Defendant's attempt to heighten the government's burden of proof and claim that the First Amendment can protect an aider and abettor's intent is not based on the law and instead relies on the faulty premise that throwing cinderblock debris at people can be considered protected speech. See Grayned v. City of Rockford, 408 U.S. 104, 116 (1972).

The cases defendant cites do not support his position. Authorities recognizing a defendant's right to present a defense or argue intent do not stand for the proposition that a defendant may present legal conclusions to the jury or invite jurors to decide constitutional questions.  Nothing in the cited authority holds that juries should be instructed on, or invited to weigh, First Amendment protections in an assault prosecution. Contra United States v. Freeman, 761 F.2d 549, 551-52 (9th Cir. 1985) (finding an instruction on the First Amendment should have been given only as to charges with an element of protected First Amendment activity).

To the contrary, courts routinely preclude arguments that misstate the law or confuse the jury by suggesting the existence of defenses that do not apply.  Preventing such argument does not infringe the right to present a defense; it ensures that the defense presented is legally cognizable.

15

## IV. RULE 403 INDEPENDENTLY WARRANTS EXCLUSION

Even if marginally relevant, references to the First Amendment as to defendant's charged conduct should be excluded under Rule 403. Such references carry minimal probative value and a substantial risk of confusion, misleading the jury, and inviting verdicts based on ideology rather than evidence. The jury's task is to determine whether defendant assaulted a federal officer or aided and abetted such an assault, not to assess the scope of constitutional protections during protests.

Defendant's insistence that the First Amendment is not confusing ignores reality. Jurors are not trained in constitutional law, and repeated invocations of "protected speech" or "constitutional rights" are likely to be given outsized weight, distorting the jury's deliberations and undermining the Court's instructions on the law. To invite deliberating on settled law – that acts of assault are not protected speech – would result in confusion and prejudice.

Limiting defendant to factual testimony and argument about intent strikes the proper balance. It preserves defendant's right to present a defense while preventing legal error and jury confusion.

## V. CONCLUSION

The government respectfully requests that the Court grant this motion in limine.

**DECLARATION OF ERIC L. MACKIE IN SUPPORT OF GOVERNMENT'S MOTION IN LIMINE NO. 3 TO PRECLUDE ANY REFERENCE TO, TESTIMONY REGARDING, OR ARGUMENT THAT DEFENDANT'S CONDUCT WAS PROTECTED BY THE FIRST AMENDMENT**

I, Eric L. Mackie, hereby declare as follows:

1. I am an Assistant United States Attorney for the Central District of California and the attorney assigned to represent the United States in United States v. Jacob Daniel Terrazas, Case No. 2:25-cr-00500-PA. I make this declaration in support of the government's Motion in Limine No. 3 to Preclude Any Reference to, Testimony Regarding, or Argument that Defendant's Conduct Was Protected by the First Amendment. I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would testify competently thereto.

2. The government seeks to exclude any testimony, evidence, or argument implying that defendant's conduct was protected by the First Amendment.

3. I have discussed the subject of this motion with defense counsel, Gabriela Rivera and Ryan Shelley, and explained that the government would seek to preclude reference to the First Amendment because (a) whether the First Amendment protected any of defendant's actions is a matter of law for the Court, not the jury, and (b) the charged conduct is physical assault, not expressive conduct. Defense counsel has declined to stipulate that she will avoid raising First Amendment themes before the jury. Accordingly, this motion is necessary to avoid the introduction of inadmissible and prejudicial matter at trial.

     4.   If this motion is not granted, the government will be unfairly prejudiced because references to First Amendment protections would: (a) confuse the jury regarding the legal issues in the case; (b) imply a legally invalid defense; and (c) risk subtle jury nullification by encouraging jurors to view the case through the lens of political or ideological preference rather than the charged elements under § 111.

     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration is executed at Los Angeles, California on December 15, 2025.

/s/ Eric L. Mackie
ERIC L. MACKIE
Assistant United States Attorney

18