TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
ERIC L. MACKIE (Cal. Bar No. Pending)
Assistant United States Attorney
BRENDA N. GALVÁN (Cal. Bar No. 296456)
Assistant United States Attorney
Chief, General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3289 / 0715
     Facsimile: (213) 894-0141
     E-mail:    eric.mackie@usdoj.gov
                brenda.galvan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-cr-00500-PA |
|---|---|
| Plaintiff, | <u>GOVERNMENT'S MOTION IN LIMINE No. 4 TO PRECLUDE EVIDENCE AND ARGUMENT AIMED AT JURY NULLIFICATION BY CHALLENGING UNITED STATES IMMIGRATION LAW OR POLICY</u> |
| v. | |
| JACOB DANIEL TERRAZAS, | |
| Defendant. | Hearing Date: January 14, 2026<br>Hearing Time: 3:00 p.m.<br>Location:    Courtroom of the<br>             Hon. Percy Anderson |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorneys Eric L. Mackie and Brenda N. Galván, hereby submits this motion in limine to preclude defendant Jacob Daniel Terrazas from presenting argument aimed at jury nullification by questioning immigration and challenging or critiquing current United States immigration policy.

This motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.  In compliance with the Court's Order Re: Criminal Trial, this joint filing contains (1) the government's motion in limine, (2) defendant's opposition to the motion, and (3) the government's reply in support of its motion. Also attached to this filing is the required declaration from the government as the moving party.

Dated: December 15, 2025          Respectfully submitted,

                                  TODD BLANCHE
                                  Deputy Attorney General

                                  BILAL A. ESSAYLI
                                  Acting United States Attorney

                                  ALEXANDER B. SCHWAB
                                  Assistant United States Attorney
                                  Acting Chief, Criminal Division


                                  /s/ Eric L. Mackie
                                  ERIC L. MACKIE
                                  Assistant United States Attorney

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA

Dated: December 15, 2025          CUAUHTEMOC ORTEGA
                                  Federal Public Defender

                                  /s/ Gabriela Rivera
                                  GABRIELA RIVERA
                                  RYAN SHELLEY
                                  Deputy Federal Public Defender

                                  Attorneys for Defendant
                                  JACOB DANIEL TERRAZAS

*Local Civil Rule 5-4.3.4 Attestation: I attest that all other signatories listed concur in the filing's content and have authorized the filing.

                                  /s/ Eric L. Mackie
                                                    ERIC L. MACKIE

**GOVERNMENT'S MOTION IN LIMINE: MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

In June 2025, defendant Jacob Daniel Terrazas threw chunks of a smashed-up cinder block at a line of Border Patrol agents who were attempting to protect federal personnel and property in Paramount, California, during a protest that turned violent.  The government charged defendant with assault on a federal officer with a dangerous weapon resulting in bodily injury, in violation of 18 U.S.C. §§ 111(a)(1), (b), and aiding and abetting, in violation of 18 U.S.C. § 2.

The government anticipates that either through cross-examination, witness questioning, or closing argument, the defense may attempt to criticize United States immigration policy, debate the legitimacy of immigration enforcement, or frame defendant's conduct as political expression against federal immigration operations.  Any such evidence or argument would serve no legitimate evidentiary purpose and would invite the jury to decide the case based on emotion, sympathy, or disagreement with federal immigration law rather than on the facts and the law.

Under Federal Rules of Evidence 401, 402, and 403, and consistent with the Ninth Circuit's prohibition on arguments designed to encourage jury nullification, the Court should preclude any reference, question, or argument concerning immigration policy or enforcement as a matter of political opinion or moral critique.

**II.   ARGUMENT**

   **A.   Trial Courts Have a Duty to Prevent Jury Nullification**

Trial courts "have a duty to forestall or prevent" jury nullification, including by prohibiting "impermissible" defense

questioning or argument. United States v. Lynch, 903 F.3d 1061, 1079-80 (9th Cir. 2018) (citation omitted). Because arguments about immigration law or policy are irrelevant to the charged assault and risk inviting nullification, exclusion is warranted.

Evidence is relevant only if it has a "tendency to make a fact more or less probable" and that fact is "of consequence in determining the action." Fed. R. Evid. 401. The government must prove only that defendant (1) forcibly assaulted a federal officer and (2) did so while the officer was engaged in or on account of his official duties. Ninth Circuit Model Criminal Jury Instruction No. 8.4 (2022 ed.). Nothing about the merits, fairness, or morality of U.S. immigration laws bears on those elements.

    **B.    Immigration Policy Critiques Are Irrelevant and Risk Confusing and Prejudicing the Jury**

Even if minimally relevant, the probative value of such commentary would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, and undue delay. Fed. R. Evid. 403. Arguments or questions about border policy, deportations, or humanitarian concerns would shift the jury's focus from whether defendant assaulted a federal officer to the political merits of immigration enforcement—an issue entirely collateral to guilt or innocence.

Courts have repeatedly held that neither a defendant nor counsel may present evidence irrelevant to a legal defense or an element of the charged offense. United States v. Scarmazzo, 554 F. Supp. 2d 1102, 1107 (E.D. Cal. 2008), aff'd sub nom. United States v. Montes, 421 F. App'x 670 (9th Cir. 2011). A defendant has no right to seek

2

jury nullification, United States v. Navarro-Vargas, 408 F.3d 1184, 1198 (9th Cir. 2005), and courts may properly instruct jurors to disregard such appeals. United States v. Blixt, 548 F.3d 882, 890 (9th Cir. 2008).

In analogous contexts, courts in this Circuit have excluded argument and evidence designed to provoke nullification. See United States v. Castro-Cabrera, 534 F. Supp. 2d 1156, 1162 (C.D. Cal. 2008) (excluding immigration-policy argument as "an attempt to invite jury nullification"); United States v. Miranda-Oregel, No. 2:10-CR-0007-JAM-KJN, 2014 WL 994380, at *3 (E.D. Cal. Mar. 12, 2014), report and recommendation adopted, 2015 WL 871949 (E.D. Cal. Feb. 27, 2015). Those decisions recognize that defendants may not transform criminal trials into forums for social or political protest.

Allowing debate over immigration policy here would only encourage jurors to substitute personal views about border enforcement for the neutral application of the law, contrary to the Court's duty to ensure verdicts rest "on the law and the evidence, not on jury nullification as urged by either litigant." Zal v. Steppe, 968 F.2d 924, 930 (9th Cir. 1992) (Trott, J., concurring) (citing Chandler v. Florida, 449 U.S. 560, 574 (1981)).

**C. Limiting Such Arguments Will Focus the Jury on the Facts and Law**

Defendant remains free to argue that the government's evidence fails to prove the elements of §§ 111(a)(1), (b). But he should not be permitted to divert the jury with political commentary or moral objections to immigration enforcement. Excluding such material

3

ensures jurors decide the case on the evidence and the Court's instructions—not on sympathy, ideology, or policy preferences.

**III. CONCLUSION**

    For the foregoing reasons, the government respectfully requests that the Court grant its motion in limine and exclude any evidence, testimony, or argument that criticizes, questions, or otherwise seeks to challenge United States immigration law or policy or that is intended to invite jury nullification rather than address the legal elements of the charged offense.

**DEFENDANT'S POSITION**

This Court's Criminal Trial Order requires a party moving to preclude evidence at trial through a motion in limine to "clear[ly] indentif[y] . . . the testimony, exhibits, or other specific matters alleged to be inadmissible and/or prejudicial and a statement of the specific prejudice that will be suffered by the moving party if the motion is not granted." Dkt. 33 at 4. Rather than follow this clear directive by describing specific evidence it seeks to exclude and why, the government submits a boilerplate motion[1] asking this Court to prematurely bar sweeping categories of information based on its conclusory assertion that all such evidence has no relevance and could only be offered for the purpose of seeking jury nullification. In particular, the government asks the Court to "preclude any reference, question, or argument concerning immigration policy or enforcement as a matter of political opinion or moral critique." This Court should deny the motion because it is unnecessary, overbroad, premature, and an inappropriate use of a motion in limine.

First, the defense made clear during the meet and confer with government counsel that it would not argue for jury nullification. Neither party is permitted to argue for jury nullification and a motion in limine is unnecessary to confirm that well-established principle. The government should not misuse judicial resources by

---

[1] This motion in limine appears to be a standard template the government has filed in multiple cases arising out of Section 111. *See, e.g.*, Government's Motion in Limine #4 to Exclude Improper Evidence and Preclude Argument Seeking Jury Nullification, *U.S. v. Lopez*, 2:25-cr-00705-MEMF, Dkt. No. 34 (C.D. Cal. Oct. 27, 2025) (nearly verbatim motion). This template motion contains no case-specific argument and is an improper use of the motion in limine device.

5

moving to exclude argument that the defense has no intention of making.

Second, the sweeping categories of information the government seeks to exclude are overbroad. The government is incorrect that any evidence concerning immigration policy or enforcement would necessarily be relevant only to a nullification defense. As the government knows, the alleged assault in this case occurred at a demonstration protesting immigration policies and the alleged victim, Lorenzo Cordero, is a United States Border Patrol agent whose conduct is governed by immigration law and policy. Accordingly, the nature and application of immigration law and policy is directly relevant to, among other things, an element of the offense: whether Agent Cordero "was engaged in, or on account of his official duties" at the time of the incident. Ninth Circuit Model Criminal Jury Instructions, No. 8.4 (2022 ed.). If Agent Cordero was acting outside the strictures of immigration law and agency policy during the alleged assault, he acted outside the scope of his employment and the government cannot satisfy this element. Thus, contrary to the government's assertion, evidence relating to immigration policy and enforcement is relevant and admissible for purposes other than jury nullification.

Finally, the government's request is premature. "To exclude evidence on a motion in limine the evidence must be inadmissible on all potential grounds." McConnell v. Wal-Mart Stores, Inc., 995 F. Supp. 2d 1164, 1167 (D. Nev. 2014) (internal quotation omitted). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy,

6

and potential prejudice may be resolved in proper context." Id. As shown by the example above, immigration policy and enforcement is relevant to at least one element of the offense, and is likely to become relevant in other contexts depending on how the evidence comes out at trial.[2] Under such circumstances, it would be premature and erroneous for the Court to grant the government's vague and overbroad request.

The defense has been clear it does not intend to make improper nullification arguments at trial. The government's sweeping and non-specific template motion therefore serves no purpose and is an improper use of a motion in limine. This Court should deny the motion.

---

[2] Mr. Terrazas has a Fifth Amendment right not to disclose his defense or potential witnesses prior to trial. Absent an intention to raise one of the defenses enumerated in Rules 12.1, 12.2, or 12.3, the defense has no obligation to offer a "plausible defense" to the government at this point in the case. While Mr. Terrazas cites the official duties element as an obvious example of how evidence relating to immigration policy and enforcement could become relevant at trial, he is not obligated to reveal his defense or provide every example of how such information could become relevant and admissible. The fact that such evidence might be admissible on any potential ground is sufficient to show the motion should be denied. See McConnell, 995 F. Supp. 2d at 1167.

7

**GOVERNMENT'S REPLY**

The government's motion in limine moves to specifically preclude the defense from criticizing United States immigration policy, debating the legitimacy of immigration enforcement, or framing defendant's conduct as political expression against federal immigration operations. Defendant's political motives are irrelevant to proving any element under Section 111. Nor is immigration policy or immigration law relevant to determine whether the victim acted outside the scope of his employment to determine a necessary element of the offense. The only mens rea in Section 111 is that the defendant forcibly assaulted an officer who was engaged in performance of official duties; it does not matter why defendant forcibly assaulted the officer.

Courts often exclude irrelevant motive evidence --- including where the motive of criminal conduct is specifically driven by defendant's feelings against United States immigration policy. In United States v. Lopez, the court granted the government's motion in limine to exclude any evidence, testimony, or argument by defendant that criticized United States immigration laws or policies, including any attempt to reference or discuss immigration policy as contextual justification for defendant's conduct. The court further found that discussion of the various criticisms of immigration policy is irrelevant and any marginal relevance is far outweighed by the prejudice of distracting the jury from the issues at hand. United States v. Lopez, No. 2:25-cr-00705-MEMF, Dkt. No. 71 (C.D. Cal. Oct. 27, 2025). See also United States v. Chugay, 2022 WL 1782583 at *1 (S.D. Fla. June 1, 2022) (introduction of motive evidence to show

8

that defendant conspired to harbor aliens because he wanted to help poor immigrants was denied because it could only serve to invoke sympathy from the jury).

Similarly, United States v. Rosenthal is instructive. 266 F. Supp. 2d 1068 (N.D. Cal. 2003) aff'd in part, rev'd in part on other grounds, 445 F.3d 1239 (9th Cir. 2006). In Rosenthal, a marijuana distribution case, the district court granted the government's motion to exclude a "'medical marijuana' defense aimed at jury nullification." Id. at 1074. The Court shut down the defense's attempt at jury nullification because the "elements of the criminal offenses at issue involve only the knowing or intentional manufacturing of marijuana and not the purpose for which the marijuana was grown." Id. It further cautioned against nullification based on irrelevant policy motivations of the defendant to engage in unlawful conduct:

> [N]ullification can lead to grossly unequal protection of the laws. To permit nullification in cases where a defendant has a "good" reason for his conduct when motive is not an element of the crime allows jurors to use their individualized set of beliefs as to "good" reasons to be determinative of guilt or innocence. Reasons, good or bad, are of course relevant to sentencing, but they are not accepted by courts as a basis for verdicts.

Id. at 1075. This warning applies with full force here. Finally, the irrelevant evidence should also be excluded under Rule 403. Any probative value of explaining that defendant threw cinderblocks at federal officers because of his beliefs on immigration policy would be substantially outweighed by a danger of unfair prejudice, confusion of the jury, and misleading the jury. Further, contrary to what defendant argues, immigration policy or law

9

is not relevant to determine whether Agent Cordero was acting outside the scope of his employment. Allowing the defense to argue that immigration policy or law is relevant would only further confuse the issues. The test for determining whether an officer is "[e]ngaged in the performance of official duties" is "whether the officer is acting within the scope of his employment, that is, whether the officer's actions fall within his agency's overall mission, in contrast to engaging in a personal frolic of his own." United States v. Ornelas, 906 F.3d 1138, 1149 (9th Cir. 2018); see also United States v. Juvenile Female, 566 F.3d 943, 950 (9th Cir. 2009) (describing official duties test as "whether the officer is acting within the scope of what he is employed to do, as distinguished from engaging in a personal frolic of his own."). Immigration policy or immigration law is not relevant to determine whether the victim acted outside the scope of his employment.

I. **CONCLUSION**

The government respectfully requests that the Court grant this motion in limine.

**DECLARATION OF ERIC L. MACKIE IN SUPPORT OF GOVERNMENT'S MOTION IN LIMINE NO. 4 TO PRECLUDE EVIDENCE OR ARGUMENT INVITING JURY NULLIFICATION THROUGH IMMIGRATION POLICY CRITICISM**

I, Eric L. Mackie, hereby declare as follows:

1. I am an Assistant United States Attorney for the Central District of California and the attorney assigned to represent the United States in United States v. Jacob Daniel Terrazas, Case No. 2:25-cr-00500-PA. I make this declaration in support of the government's Motion in Limine No. 4 to preclude defendant Jacob Daniel Terrazas from presenting argument aimed at jury nullification by questioning immigration and challenging or critiquing current United States immigration policy. I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would testify competently thereto.

2. The government seeks to exclude any testimony, evidence, or argument criticizing United States immigration law or policy, expressing views about immigration enforcement, or otherwise inviting jurors to base their verdict on political, social, or moral disagreement with immigration policy. This includes any statements suggesting that defendant's conduct was justified by immigration-related motivations, that federal agents were enforcing "unjust" or "racist" policies, or that the jury should exercise leniency based on personal views of immigration.

3. I have discussed the subject of this motion with defense counsel, Gabriela Rivera and Ryan Shelley, and explained that the government would move to exclude immigration-policy arguments because they are irrelevant to the § 111(a)/(b) charge and improperly invite

11

nullification. Defense counsel has declined to stipulate that they will refrain from addressing immigration policy or related arguments before the jury.  Accordingly, this motion is necessary to avoid the introduction of inadmissible and prejudicial matter at trial.

4.   If this motion is denied, the government will suffer substantial prejudice because (a) immigration policy has no bearing on whether defendant assaulted federal officers; (b) injecting these themes risks converting the trial into a referendum on immigration rather than an evaluation of the evidence; and (c) such arguments are designed to evoke juror sympathy or political sentiment—precisely the type of nullification the Ninth Circuit prohibits.  The resulting confusion would unfairly impede the jury's ability to focus on the elements of the charged offense.

/s/ Eric L. Mackie
ERIC L. MACKIE
Assistant United States Attorney

12