CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
Gabriela Rivera (Bar No. 283633)
(E-Mail: gabriela_rivera@fd.org)
Ryan Shelley (Bar No. 337528)
(E-Mail: ryan_shelley@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
Jacob Daniel Terrazas

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JACOB DANIEL TERRAZAS,<br><br>Defendant. | Case No. 25-cr-00500-PA<br><br>**JOINT FILING RE: DEFENSE'S MOTION IN LIMINE NO. 1 TO PRECLUDE REFERENCE TO COMPLAINING WITNESS AS "VICTIM"**<br><br>Hearing Date: TBD<br>Trial Date: January 27, 2026<br>Location: Courtroom of the Hon. Percy Anderson |

Jacob Daniel Terrazas, by and through his counsel of record, Deputy Federal Public Defenders Gabriela Rivera and Ryan Shelley, hereby files this Motion in Limine to preclude reference to the complaining witness L.C. as "victim" and direct the government and all witnesses to refer to L.C. by a value-neutral term, such as his true name or initials, or as "complainant" or "complaining witness."

1   The parties have met and conferred on this issue. This motion is based upon the
2   attached memorandum of points and authorities, the files and records in this case, and
3   such further evidence and argument as the Court may permit. In compliance with the
4   Court's Order Re: Criminal Trial, this joint filing contains (1) the defense's motion in
5   limine, (2) the government's opposition to the motion, and (3) the defense's reply in
6   support of its motion. Also attached to this filing is the required declaration from the
7   defense as the moving party.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: December 15, 2025     By  /s/ Gabriela Rivera
                                GABRIELA RIVERA
                                RYAN SHELLEY
                                Deputy Federal Public Defender
                                Attorney for JACOB DANIEL TERRAZAS


BILAL A. ESSAYLI
First Assistant United States Attorney

DATED: December 15, 2025     By  /s/ Eric Mackie
                                ERIC MACKIE
                                FRANCES LEWIS
                                Deputy Federal Public Defender
                                Attorney for Plaintiff
                                UNITED STATES OF AMERICA


*Local Civil Rule 5-4.3.4 Attestation: I attest that all other signatories listed concur in the filing's content and have authorized the filing.

By  /s/ Gabriela Rivera
    GABRIELA RIVERA

2

# DEFENSE'S MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Mr. Terrazas moves *in limine* to preclude reference to the complaining witness, L.C., as a "victim" during the course of the trial. The use of this legally conclusory term would subvert the presumption of innocence and violate Mr. Terrazas's Sixth Amendment right to a fair trial and a jury determination of the facts. It would reduce the government's burden of proof, is argumentative, and its prejudicial effect far exceeds any probative value. For these reasons, Mr. Terrazas respectfully submits that, during the course of the trial, witnesses and parties should use value-neutral terms such as "complainants," "complaining witnesses," or their true names or initials.

There is no reason to risk the integrity of a jury trial over the use of the word "victim" when that issue is so easily avoided. This Court should, as many courts have done, prohibit the government and its witnesses from using the term during trial.

## II. ARGUMENT

### A. The Term "Victim" Is Irrelevant and Is Based on Speculation

As a threshold matter, the term victim is legally irrelevant in this case. The term has no "tendency" to make a material fact "more . . . or less probable." *See* Fed. R. Evid. 401. The term is speculative and exceeds the personal knowledge of any witness. *See* Fed. R. Evid. 601.

Testimony from witnesses or argument from the government about whether L.C. is a "victim" of Mr. Terrazas's conduct would be outside of their personal knowledge and based solely on speculation and improper opinion testimony. Whether any witness believes that L.C. is a victim is irrelevant. For this reason alone, the Court should preclude the witnesses and parties from referring to L.C. as a "victim" and instead instruct the witnesses and parties to use a value-neutral term such as L.C.'s name or initials or "complainant" or "complaining witness."

**B.     The Term "Victim" Is Legally Conclusory and Violates the Presumption of Innocence**

The Court should instruct the government and its witnesses to refer to L.C. using his name or initials or "complainant" or "complaining witness" because those value-neutral references avoid bias; the government may not assume he is a "victim" of a federal crime not yet proven. According to the Victims Rights Act, codified at 18 U.S.C. §3771(e), a "crime victim" is "a person directly and proximately harmed as a result of the commission of a Federal offense . . . ." Here, Mr. Terrazas has been accused, but no crime has been proven. That issue—whether a crime was committed—will be resolved by a jury, and the government should not be given an advantage by being permitted to use language that thwarts the presumption of innocence.

Mr. Terrazas pled not guilty to the charges against him and is presumed innocent. The presumption of innocence is recognized as "that bedrock axiomatic and elementary principle whose enforcement lies at the foundation of the administration of our criminal law." *In re Winship*, 397 U.S. 358, 363 (1970) (citation and quotation marks omitted). "Victim" is defined as "a person harmed by a crime, tort, or other wrong." Black's Law Dictionary (9th ed. 2009). It is the jury in this case who will make the determination of whether the L.C. meets that definition, and it is inconsistent with the presumption of innocence and the Sixth Amendment right to a jury determination of the facts to allow such a loaded term to be used at trial when it is so prejudicial to the accused.

Using the term "victim" here not only would "express[] approval" for the government's case, but it goes directly to the question of whether a criminal act occurred. The issue at the heart of this criminal case is whether Mr. Terrazas's conduct with respect to L.C. was criminal in nature and victimized L.C.. If that question is answered in the negative, then L.C. was not a victim of Mr. Terrazas's. Referring to him as a "victim," then, tells the jury that Mr. Terrazas has committed a crime—a determination that must be left to them alone.

Over 150 years ago, in *People v. Williams*, 17 Cal. 142, (1860), the California Supreme Court observed the risk of such language in a case "of conflicting proofs":

> The word *victim,* in the connection in which it appears, is an unguarded expression, calculated, though doubtless unintentionally, to create prejudice against the accused. It seems to assume that the deceased was wrongfully killed, when the very issue was as to the character of the killing. We are not disposed to criticise language very closely in order to reverse a judgment of this sort, but it is apparent that in a case of conflicting proofs, even an equivocal expression coming from the Judge, may be fatal to the prisoner.

*Williams*, 17 Cal. at 147–48.

Such risk could easily be avoided through use of alternative terms. Here, the defense submits that the name or initials of L.C. or "complainant" or "complaining witness" would be appropriate.

**C.     The Term "Victim" Is Prejudicial and Should Be Precluded Under Rule 403**

Even if the Court were to find that the word "victim" has some minimal level of relevance, this limited probative value is substantially outweighed by the danger of unfair prejudice that the use of the term would cause Mr. Terrazas. *See* Fed. R. Evid. 403. "The term 'unfair prejudice' as to a criminal defendant speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specifically related to the charged offense." *Old Chief v. United States*, 519 U.S. 172, 180 (1997) (citation omitted). A court applying the Rule 403 balancing test can "reasonably apply some discount to the probative value of an item of evidence when faced with less risky alternative proof going to the same point." *Id*. at 182.

      Any probative value of the term "victim" is marginal at best. By contrast, the unfair prejudicial impact of a term such as "victim" is self-evident; it is, in effect, a witness's (and perhaps the prosecutor's) unsupported and speculative conclusion that Mr. Terrazas is guilty of the charged offenses. Here, just as in *Old Chief*, where there is an alternative means of proof that has "substantially the same or greater probative value but a lower danger of unfair prejudice, sound judicial discretion [should] discount the value of the item first offered and exclude it if its discounted probative value were substantially outweighed by unfairly prejudicial risk." *Id*. at 182.

      Recognizing that the term "victim" is argumentative and conclusory, courts in this district have precluded the government from using the term in a criminal case except in closing argument. *United States v. Boylan*, 2:22-cr-00482-GW, Dkt. 211 (C.D. Cal. Oct. 12, 2023) (order prohibiting reference to 34 decedents as "victims"); *United States v. Tapia*, 2:21-cr-00502-SVW, Dkt. 98 (C.D. Cal. May 27, 2022) (order granting motion to preclude reference to "victim," finding that the term is "legally conclusory insofar as it presumes a crime has been committed in the first place, which is what the jury is tasked with deciding in this case.[1]"); *United States v. Hanna*, 2:17-cr-00579-RSWL, Dkt. 88 (C.D. Cal. Dec. 6, 2018) (order directing government not to use the term "victim" or allow witnesses to use the term "victim"). The government has also agreed not to use the term in a recent case in this district. *United States v. De La Torriente*, 2:17-cr-00608-DSF, Dkt. 57, Dkt. 81 (C.D. Cal. Jan. 28, 2019) (order denying defense's motion to preclude reference to "victim" because it was moot).

      Here, just as in *Old Chief* itself, the proposed replacement term "neither displaces a chapter from a continuous sequence of conventional evidence nor comes across as an officious substitution, to confuse or offend or provoke reproach." *Old Chief*, 519 U.S.

---

[1] The court went on: "Accordingly, in the Court's view, the term 'victim' should only be used during closing argument, the one time during trial that legal conclusions may be permissibly offered. During the other portions of trial, such as opening statements or the evidentiary phase, the term 'victim' should not be used. Instead, parties and witnesses should refer to Y.S. by name or initials, or as a 'complainant' or 'complaining witness.'" *Id.*

6

at 191. There, the Court recognized that there are situations where the government "needs evidentiary depth to tell a continuous story," and therefore an offer to stipulate will be inappropriate. *Id*. at 190. The Court further explained that, in general, the government's refusal to stipulate will "survive a Rule 403 analysis when a defendant seeks to force the substitution of an admission for evidence creating a coherent narrative of his thoughts and actions in perpetrating the offense for which he is being tried." *Id.* at 192. However, the Court held that the defendant's status as a felon "goes to an element entirely outside the natural sequence of what defendant is charged with thinking and doing to commit the current offense," *id*. at 191, and therefore it was an abuse of discretion to refuse the defense's offer to stipulate. Here, as well, the term victim, which has limited, if any, probative value, is not necessary for the government to "tell a continuous story"—the government's story can be told by using value-neutral terms such as "complainant" or "complaining witness" or the true name or initials of L.C.

### III. CONCLUSION

Based on the foregoing, the defense respectfully requests that the use of the term "victim" be precluded because that term is legally conclusory and more prejudicial than it is probative.

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE USE OF THE TERM "VICTIM"**

I.   INTRODUCTION

Defendant Jacob Daniel Terrazas ("defendant") asks this Court to restrict ordinary, accurate, and legally permissible language at trial.  Specifically, he seeks to prohibit the government and its witnesses from using the term "victim" when referring to Border Patrol Agent L.C., who was struck by the cinderblock fragments defendant launched at federal officers.  The Court should deny his motion in its entirety.

The Ninth Circuit and courts in this District have repeatedly held that terms such as "victim" are permissible descriptors when grounded in the evidence and consistent with the government's theory of the case.  These words are not legal conclusions; they are ordinary language accurately reflecting the conduct the government will prove -- that defendant threw cinderblock pieces at uniformed federal officers performing official duties, striking and injuring at least one.

Defendant's argument that the term "victim" subverts the presumption of innocence is meritless.  Courts have uniformly rejected this same argument, and critically, a court in this District reached that exact conclusion just weeks ago in an indistinguishable § 111 case.  In United States v. Lopez, No. 2:25-cr-00705-MEMF (Nov. 6, 2025), ECF No. 71, a case involving an assault on a federal officer during a protest, the court rejected the defense motion to preclude the term "victim," holding that:

> The Court will not constrain the Government from using descriptive, non-inflammatory terms to present its case.

This case is no different.  Defendant's request is unsupported by law and would improperly constrain the government's ability to present a coherent and truthful account of the charged assault.  The motion should be denied.

## II. ARGUMENT

### A. The Government Is Entitled to Use the Term "Victim" at Trial

Defendant seeks to prohibit the government and its witnesses from referring to Agent L.C. as a "victim," claiming that the term is conclusory and unduly prejudicial.  That argument mischaracterizes both the ordinary use of language in criminal proceedings and well-established precedent in this Circuit.  Courts routinely permit use of the term "victim" when it accurately reflects the evidence, and that is unquestionably the case here.

The evidence will show that Agent L.C. was struck with cinderblock fragments thrown by defendant and others during a violent confrontation at the HSI facility.  The physical contact is captured on video and corroborated by eyewitness officers.  The government's use of the term "victim" simply reflects that Agent L.C. was the individual directly and proximately harmed by the charged assault.  That description is both factual and legally appropriate.

Contrary to defendant's position, the Ninth Circuit has consistently held that it is proper to refer to the person harmed by a charged offense as a "victim."  In United States v. Gibson, 690 F.2d 697, 703 (9th Cir. 1982), the court held that because of the

losses incurred by the investors, the prosecutor's use of the word "victim" was fair comment on the evidence. Similarly, in United States v. Chandler, 658 F. App'x 841, 845 (9th Cir. 2016), the court rejected a Rule 403 challenge to the term "victim," and in United States v. Bazar, 747 F. App'x 454, 458 (9th Cir. 2018), the Ninth Circuit concluded that the government's use of the term "victim" in closing argument merely summarized its legitimate theory of the case. And most directly applicable here, in United States v. Lopez, a protest-related § 111 case materially indistinguishable from Terrazas, the court held that it would not prohibit use of the term "victim" because it is descriptive and non-inflammatory. No. 2:25-cr-00705-MEMF (Nov. 6, 2025), ECF No. 71.

Federal law likewise adopts the term "victim" in numerous contexts. The Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771(e)(2)(A), defines a "crime victim" as any person "directly and proximately harmed as a result of the commission of a Federal offense."  The CVRA extends rights to victims—including the right to confer with the government and to be notified of plea discussions—even before any adjudication of guilt.  By conferring these rights pretrial, Congress necessarily recognized that referring to a "victim" does not infringe upon the presumption of innocence; it simply identifies an individual's procedural status in relation to the charged offense.

The Ninth Circuit's own model jury instructions reinforce this conclusion. Instruction 3.5 refers to "specific instances of the victim's character," confirming that the term "victim" is appropriate for use at trial and does not imply guilt.  The Ninth Circuit has expressly upheld such usage.  See People of Territory of

Guam v. McGravey, 14 F.3d 1344, 1348 (9th Cir. 1994) (rejecting argument that referring to "victim" in jury instructions undermined the presumption of innocence); United States v. Fletcher, 47 F.3d 1176 (9th Cir. 1995), as amended on denial of reh'g (July 13, 1995) (holding that the inclusion of the term "victims" in the indictment and jury instructions was proper). Other circuits are in accord. The Seventh Circuit explained that "[n]o logical argument can be made that the mere use of the term 'victim' somehow shifted the burden of proof." Server v. Mizell, 902 F.2d 611, 615 (7th Cir. 1990). Likewise, the Eighth Circuit found that the "use of the term 'victim' in jury instructions is not prejudicial . . . when, as here, the instructions taken as a whole clarify the government's burden of proof." United States v. Washburn, 444 F.3d 1007, 1013 (8th Cir. 2006). These authorities reflect the uncontroversial proposition that "victim" is an ordinary, accurate, and legally grounded descriptor of a person harmed by criminal conduct.

### B. The Term "Victim" Does Not Invade the Jury's Role or Undermine the Presumption of Innocence

The presumption of innocence does not require courts to ban ordinary language reflecting the government's theory of the case. Jurors understand that witnesses describe events from their perspective and that ultimately the Court's instructions control: the indictment is not evidence; argument is not evidence; the government bears the burden beyond a reasonable doubt; and the jury alone decides whether the government has met its burden.

Courts have repeatedly held that use of the word "victim" does not imply guilt or confuse jurors. See, e.g., McGravey, 14 F.3d at

1348.  Defendant's claim that the term lowers the burden of proof is unsupported and contradicted by decades of case law.

### C. The Term "Victim" Is Not Inflammatory and Is Proper Under Rule 403

Federal Rule of Evidence 403 also provides no basis for exclusion.  The term "victim" is neither emotional nor inflammatory—it is far milder than language courts routinely permit as fair comment on the evidence. See United States v. Rude, 88 F.3d 1538, 1547-48 (9th Cir. 1996) (approving "scam," "Ponzi scheme," and "evil").

Moreover, the term serves a practical purpose: distinguishing Agent L.C., the injured officer, from the numerous other responding agents, including those who will testify.  Defendant's preference for euphemisms ("complainant," "complaining witness") is not a basis for exclusion.  Requiring witnesses to avoid ordinary terms would distort their testimony and hinder the government's ability to present a coherent narrative.  It would also create awkward pauses, stilted language, and needless confusion.  As courts in this District have held, defendants are not entitled to rewrite witness vocabulary or impose artificial restrictions on neutral descriptive terms.  This Court should not create such an artificial constraint here.

### III. CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court deny defendant's motion in limine seeking to preclude use of the term "victim" at trial.

**Mr. Terrazas's Reply**

## I. ARGUMENT

**A.     There Is No Probative Value in Referring to L.C. as a Victim, And the Term is Unfairly Prejudicial to Mr. Terrazas.**

The term "victim" should be used only after a jury, not a prosecutor or the Court, has reached a final determination as to a defendant's guilt. In the criminal legal context, a "victim" is a person injured by the commission of the crime; there can be no "victim" in the context of a trial unless and until the jury reaches a verdict of guilt.

There is no probative value in referring to L.C. as a victim, and the government does not argue otherwise. Its opposition does not attempt to identify any probative value in prosecutors and witnesses calling L.C. a victim. Instead, it claims that precluding the use of the term victim will somehow "distort" testimony, "hinder the government's ability to present a coherent narrative," and "create awkward pauses, stilted language, and needless confusion." The government does not bother to explain how requiring prosecutors and witnesses to call simply L.C. by his own name (or anything other than "victim") would create this type of disruption and confusion. That's because it would not.

The entire point of a trial is to allow a jury to reach its own decision as to whether Mr. Terrazas is guilty of the charged offenses. Referring to L.C. as a "victim" throughout the trial presupposes Mr. Terrazas's guilt, is legally conclusory, and usurps the role of the jury.

**B.     To the Extent the Word "Victim" Is Proper At All, It Is Only During Closing Argument.**

Mr. Terrazas maintains that the use of the term "victim" to describe L.C. is inappropriate, prejudicial, and should not be used at all during the trial. In the alternative, however, he respectfully requests that the Court limit the use of this term to closing argument. Indeed, the government's authority suggests that, to the extent using

1   the term "victim" is proper at all, it is when the government is commenting on the
2   evidence, which the government may do only during closing argument. *United States v.*
3   *Gibson*, 690 F.2d 697, 703 (9th Cir. 1982) (finding, without analysis, that "because of
4   the losses incurred by these investors," the use of the term "victim" by the prosecution
5   was a "fair comment on the evidence"); *United States v. Bazar*, 747 F. App'x 454, 458
6   (9th Cir. 2018) (addressing whether prosecutor engaged in misconduct by denigrating
7   the defense and accusing defense counsel of "blaming the victim," and holding that in
8   this particular circumstance, particularly in light of curative instructions, use of term
9   "victim" summarized the prosecution's theory of the case).

Mr. Terrazas's request is a modest one: he asks that L.C. be referred to by his name or a neutral term rather than a legal term which no jury has determined actually applies to him.

## II. CONCLUSION

The Court should preclude the witnesses and parties from referring to L.C. as a "victim" because that term is irrelevant, conclusory, and more prejudicial than it is probative.

**DECLARATION OF RYAN SHELLEY**

I, Ryan Shelley, declare:

1. I am an attorney with the Office of the Federal Public Defender for the Central District of California. I am licensed to practice law in the State of California and I am admitted to practice in this Court.

2. This declaration is made in support of the defense motion in limine to preclude use of the term "victim" during the course of trial in this matter.

3. I have discussed this motion with counsel for the government, AUSAs Eric Mackie and Frances Lewis. On November 18, counsel for the government informed the defense that the government would not stipulate to refrain from using the term "victim" during opening statement, testimony, or closing argument nor would they instruct their witnesses to refrain from use of the term.

4. As addressed more thoroughly in the accompanying motion, Mr. Terrazas would be prejudiced by the use of this legally conclusory term, which would subvert the presumption of innocence and violate his Sixth Amendment right to a fair trial and a jury determination of the facts. It would reduce the government's burden of proof, is argumentative, and its prejudicial effect far exceeds any probative value. Mr. Terrazas has been accused, but no crime has been proven. That issue—whether a crime was committed—will be resolved by a jury, and the government should not be given an advantage by being permitted to use language that thwarts the presumption of innocence.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 15, 2025, at Los Angeles, California.

*/s/ Ryan Shelley*  .
RYAN SHELLEY

15