TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
ERIC L. MACKIE (Cal. Bar No. Pending)
Assistant United States Attorney
BRENDA N. GALVÁN (Cal. Bar No. 296456)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3289 / 0715
     Facsimile: (213) 894-0141
     E-mail:    eric.mackie@usdoj.gov
                brenda.galvan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 25-00500-PA |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT JACOB DANIEL TERRAZAS |
| v. | |
| JACOB DANIEL TERRAZAS, | |
| Defendant. | |

1.  This constitutes the plea agreement between JACOB DANIEL TERRAZAS ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.  Defendant agrees to:

      a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to Simple Assault on a Federal Officer in violation of 18 U.S.C. § 111(a)(1), a Class A Misdemeanor, which is the lesser-included charge of the single-count First Superseding Indictment in <u>United States v. Jacob Daniel Terrazas</u>, No. 25-CR-00500-PA, which charges defendant with Assault on a Federal Officer Making Physical Contact, in violation of 18 U.S.C. § 111(a)(1), a felony.

      b.   Not contest facts agreed to in this agreement.

      c.   Abide by all agreements regarding sentencing contained in this agreement.

      d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

      e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

      f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

      g.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

      h.   Submit a handwritten note of apology to victim L.C. no less than one week before defendant's sentencing position is due to be filed, which is to be provided to the government;

      i.   Agree to and not oppose the imposition of the following condition of probation or supervised release: defendant

shall not come within 100 feet of a federal building unless required by a court order, or within 100 feet of a federal law enforcement officer engaged in the performance of his or her official duties, without prior permission of the United States Probation and Pretrial Services, and any inadvertent violations of this condition shall be reported within 24 hours of occurrence.

## THE USAO'S OBLIGATIONS

3. The USAO agrees to:

    a. Not contest facts agreed to in this agreement.

    b. Abide by all agreements regarding sentencing contained in this agreement.

    c. Except for criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), not further criminally prosecute defendant for violations of 18 U.S.C. § 111(a)(1) arising out of defendant's conduct described in the agreed-to factual basis set forth in paragraph 11 below. Defendant understands that the USAO is free to criminally prosecute defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement. Defendant agrees that at the time of sentencing the Court may consider the uncharged conduct in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

    d. At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to

U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

## NATURE OF THE OFFENSE

4. Defendant understands that for defendant to be guilty of the crime charged in the single-count information, that is, Simple Assault on a Federal Officer, in violation of 18 U.S.C. § 111(a)(1), the following must be true: (1) defendant forcibly assaulted an officer or employee of the United States; and (2) the defendant did so while the officer or employee of the United States was engaged in, or on account of, his or her official duties.

5. Defendant understands that defendant may be found guilty of Assault on a Federal Officer, in violation of 18 U.S.C. § 111(a)(1), even if the defendant personally did not commit the act or acts constituting the offense but aided and abetted in its commission. To "aid and abet" means to intentionally help someone else commit a crime. To prove a defendant guilty of Assault on a Federal Officer by aiding and abetting, the government must prove each of the following beyond a reasonable doubt: (1) someone else committed an assault on a federal officer while the officer was engaged in, or on account of, the performance of official duties; (2) the defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of the assault on a federal officer; (3) the defendant acted with the intent to facilitate the assault on a federal officer; and (4) the defendant acted before the offense was completed.

## PENALTIES

6. Defendant understands that the statutory maximum sentence that the Court can impose for Simple Assault on a Federal Officer, in

violation of 18 U.S.C. § 111(a)(1), a Class A Misdemeanor, is: one-year imprisonment; a one-year term of supervised release; a fine of $100,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $25.

7. Defendant understands that supervised release is a period following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8. Defendant understands that probation is period of time imposed in lieu of imprisonment during which defendant will be subject to various terms and conditions, including restrictions and requirements. Defendant understands that if he violates a condition of probation at any time prior to the expiration or termination of the term of probation, the Court may continue him on probation, with or without extending the term or modifying or enlarging the conditions, or revoke the sentence of probation and resentence defendant to any sentence up to the statutory maximum, including imprisonment, for the offense of conviction.

9. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences,

including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

10.   Defendant understands that, if defendant is not a United States citizen, the conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the conviction in this case.  Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

## FACTUAL BASIS

11.   Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 13 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On or about June 7, 2025, in Los Angeles County, within the Central District of California, defendant intentionally and forcibly assaulted L.C., a United States Border Patrol ("USBP") agent, while

L.C. was engaged in, and on account of, the performance of L.C.'s official duties.

Specifically, during a protest that turned violent in Paramount, California, defendant and others threw chunks of a cinderblock at a line of Border Patrol agents while the agents were protecting federal personnel and property. Border Patrol Agent L.C. was one of the federal officers assigned that day to protect the federal facility as part of his duties with the U.S. Customs and Border Protection, a federal agency. The cinder block pieces struck multiple officers, including Agent L.C., who was hit in the right shin. Agent L.C. suffered bruising and bleeding from his injury.

## SENTENCING FACTORS

12. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

13. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level:        10        U.S.S.G. § 2A2.4(a)

Defendant and the USAO reserve the right to argue that additional

7

specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate, including, but not limited to, enhancements for use of a dangerous weapon (U.S.S.G. § 2A2.4(b)(1)(B)), physical contact (U.S.S.G. § 2A2.4(b)(1)(A)), and/or bodily injury (U.S.S.G. § 2A2.4(b)(2)).

14. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

15. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

16. Defendant understands that by pleading guilty, defendant gives up the following rights:

    a. The right to persist in a plea of not guilty.

    b. The right to a speedy and public trial by jury.

    c. The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

    d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e. The right to confront and cross-examine witnesses against defendant.

   f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

   g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

   h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION AND COLLATERAL ATTACK</u>

 17. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

 18. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

19. Defendant agrees that, provided the Court imposes a term of imprisonment within or below the range corresponding to an offense level of 11 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7); and the conditions of probation or supervised release agreed to by defendant in paragraph 2(h)-(i) above.

20. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 11 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

WAIVER OF COLLATERAL ATTACK

21. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, including

10

any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

<u>WAIVER OF RIGHTS CONCERNING PLEA COLLOQUY AND FACTUAL BASIS</u>

22.  Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing; (ii) the agreed-to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

 Defendant further agrees that this paragraph of the agreement is severable.  Thus, defendant's waivers are binding and effective even if, subsequent to defendant's signing this agreement, defendant declines to plead guilty, the Court declines to accept his guilty plea, or, if this agreement is of the type described in Federal Rule of Criminal Procedure 11(c)(1)(A) or (c)(1)(C), the Court rejects this agreement.  Defendant also agrees that his waivers are binding

and effective even if some other portion of this agreement is found to be invalid by this Court or the Ninth Circuit.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

23. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

24. Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

25. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

26. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

27. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

    a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

    b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

28. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

29. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 13 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

30. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to

fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

31.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//
//

Case 2:25-cr-00500-PA    Document 99    Filed 01/17/26    Page 16 of 18    Page ID #:601

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

32.  The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TODD BLANCHE
Deputy Attorney General

BILAL A. ESSAYLI
First Assistant United States
Attorney

_____         1/17/2026
ERIC L. MACKIE                    Date
BRENDA N. GALVÁN
Assistant United States Attorneys

_____         1.17.26
JACOB DANIEL TERRAZAS             Date
Defendant

_____         01/17/2026
GABRIELA RIVERA                   Date
RYAN SHELLEY
Attorneys for Defendant
JACOB DANIEL TERRAZAS


CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or

16

at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____    1.17.26
JACOB DANIEL TERRAZAS         Date
Defendant

### CERTIFICATION OF DEFENDANT'S ATTORNEY

I am JACOB DANIEL TERRAZAS's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set

forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_/s/ Gabriela Rivera_        01/17/2026
GABRIELA RIVERA                Date
Attorney for Defendant
JACOB DANIEL TERRAZAS